UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **15-22255-CIV-MORENO**

E-YAGE BOWENS,

    Plaintiff,

vs.

ASSISTANT STATE ATTORNEY LAURA ADAMS, JUDGE STEPHAN T. MILLAN, and MIAMI-DADE COUNTY,

    Defendants.
_____/

## ORDER VACATING REFERRAL TO MAGISTRATE JUDGE AND GRANTING MOTIONS TO DISMISS

THIS CAUSE came before the Court upon the Defendant Miami-Dade County's Motion to Dismiss **(D.E. No. 11)**, filed on **June 22, 2015** and Defendant Assistant State Attorney Laura Adams and Judge Stephan T. Millan's Motion to Dismiss **(D.E. No. 12)** filed on **June 22, 2015**.

THE COURT has considered the motion and the pertinent portions of the record. The Court notes that Plaintiff has not responded to either motion to dismiss and the time for doing so has now passed. Being otherwise fully advised in the premises, it is

**ADJUDGED** that the referral to the Magistrate Judge is VACATED. It is also

**ADJUDGED** that the motions to dismiss are GRANTED and all other pending motions are DENIED as moot. Although Plaintiff did not formally respond to the motions to dismiss, he did file a motion for preliminary injunction, which the Court will construe as a response to the pending motions to dismiss. After reviewing the record, the Court finds it appropriate to grant the motions to dismiss on the merits.

Plaintiff brings this case against Judge Stephan T. Millan, Assistant State Attorney Laura

Adams, and Miami-Dade County regarding his detention and prosecution in criminal case F-110019892 in the Eleventh Judicial Circuit in and for Miami-Dade County. Judge Millan presided over the Plaintiff's criminal case in state court. Undoubtedly, Judge Millan is judicially immune from Plaintiff's suit warranting dismissal of the case against him. *Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000).

Although Plaintiff's complaint is confusing, it does appear that Plaintiff's grievance stems from his prosecution and detainment. It is well-settled that when a prisoner's claims arise from his imprisonment, his civil rights claims under 42 U.S.C. § 1983 do not accrue until the imprisonment is proven to be unlawful. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). If Plaintiff wishes to challenge the fact or duration of his confinement, he must do so by filing a proper petition pursuant to 28 U.S.C. § 2254.[1] That petition, however, cannot be brought in federal court until the plaintiff has exhausted his state court remedies – which generally include showing his state court case went to trial and proceeded through the state appellate process. *Mauk v. Lanier,* 484 F.3d 1352, 1357 (11th Cir. 2007). Plaintiff has not shown that he has exhausted his state administrative remedies prior to the filing of this complaint.

The Court also notes that this Plaintiff has also been adjudicated a "multiple filer" under 28 U.S.C. § 1915(g), having filed more than the requisite three cases while imprisoned – all of which were dismissed as frivolous or for failure to state a claim. *Bowens v. Metro West Detention Center,* Case No. 13-22702-CIV-MORENO (finding Bowens is a multiple filer and dismissing *in forma pauperis* complaint); *Bowens v. Elsmer,* Case No. 13-22506-CIV-ZLOCH; *Bowens v. Okon,* Case No.

---

[1] Since the date of Plaintiff's complaint, the state criminal trial concluded and Plaintiff was found guilty of fifteen counts of Sexual Battery upon a Child by Person in Familial or Custodial Authority and two counts of child abuse. *State v. Bowens,* Case No. F-11-01982 (Fla. 11th Jud. Cir.)

13-22505-CIV-WILLIAMS; *Bowens v. Miami-Dade County*, Case No. 12-20027-CIV-LENARD; *Bowens v. Judge Bloom*, Case No. 12-21464-CIV-COOKE; *Bowens v. Ryan*, Case No. 12-23456-CIV-COOKE. Prison inmates, such as Plaintiff, are generally subject to the "three-strikes" rule under 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g); *Medberry v. Butler*, 185 F.3d 1189, 1192-93(11th Cir. 1999). Although this case was removed, this Court has already found that 28 U.S.C. § 1915(g) requires dismissal of this case initially filed in state court as Plaintiff has not shown imminent danger of serious physical injury required to circumvent the multiple filer rule established in 28 U.S.C. §1915(g). *See Bowens v. Adams*, Case No. 14-21545-CIV-MORENO ("Evidently thinking he could circumnavigate the § 1915(g) roadblock, Plaintiff filed the instant complaint. . . in the Circuit Court of the Eleventh Judicial Circuit of Florida at Miami-Dade County"). This Court again finds that 28 U.S.C. § 1915(g) bars this case from going forward.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of August, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record

E-Yage Bowens, *pro se*
11000483
Metro West Detention Center
13850 NW 41 Street
Miami, FL 33178

-3-